## CIRCUIT COURT OF FAIRFAX COUNTY

Stackhouse

v.

Stackhouse

June 15, 1989

Case No. (Chancery) 110939

By JUDGE MICHAEL P. McWEENY

This matter is before the Court on Plaintiff/Cross-Defendant's Motion to Strike portions of the Answer filed by the Defendant/Cross-Complainant which assert her Fifth Amendment privilege. It is the opinion of this Court that the motion should be granted.

Virginia Code § 8.01-401(B) allows answers or other such pleadings to be stricken. That section provides that:

> If any party, required by another to testify on his behalf, refuses to testify, the court, officer, or person before whom the proceeding is pending, may, in addition to punishing said party as for contempt, dismiss the action, or other proceeding of the party so refusing, as to the whole or any part thereof, or may strike out and disregard the plea, answer, or other defense of such party, or any part thereof, as justice may require.

This provision is consistent with the common-law rule which will not allow a moving party to use the Fifth Amendment privilege to sabotage any attempt by the other party to obtain information relevant to the cause of action alleged and relevant to possible defenses to the claim.

The Defendant/Cross-Complainant has invoked this "sword and shield" doctrine by asserting the privilege in her answer to the original Bill of Complaint which charged adultery, yet affirmatively stating in her Cross-bill that the Plaintiff/Cross-Defendant is guilty of constructive desertion and cruelty by making such accusations of adultery, "*all of which were unfounded.*" (Emphasis added).

The Virginia Supreme Court has recently affirmed the remedy under § 8.01-401(B) against parties who unfairly assert the Fifth Amendment privilege in this manner. However, in *Davis v. Davis*, 233 Va. 452 (1987), the Court noted the requirement that the party who is seeking affirmative relief and who was exercised the privilege must have refused to answer questions pertinent to the issues involved (i.e., relevant to the cause of action alleged and to possible defenses).

It is the opinion of this Court that by refusing to provide any answer relating to the charge of adultery, the Defendant/Cross-Complainant has refused to testify and thus frustrated the other party's attempt to obtain information relevant to her charge of constructive desertion and cruelty and relevant to possible defenses to those charges.

This Court rejects Mr. Cottrell's argument that the pleading signed by counsel should not be used to waive his client's personal privilege since she has not personally alleged the adultery allegations were unfounded. Pleadings signed by a party's counsel are considered to be responses of the party himself, although filed through a representative. To hold otherwise would make such pleadings of little value to legal proceedings.

The Court also rejects counsel's argument that this motion would not be mature until the discovery stage, where Mrs. Stackhouse would actually invoke the privilege in response to questions. By invoking the privilege in her answer, Mrs. Stackhouse has put the issue before the Court now. She has affirmatively indicated a refusal to answer such questions, whether that response is in an answer or in some other pleading. There is little point in delaying relief to the Plaintiff/Cross-Defendant unless there is some indication the privilege asserted will be withdrawn. There appears to be no such indication.